UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUNIER ALEXANDER SILVA
PARUCHO,

    Petitioner,

VS.                              CASE NO. 6:26-cv-263-JA-RMN

LOUIS A. QUINONES, JR.;
GARRETT J. RIPA; and KRISTI
NOEM;

    Respondents.
_____

## ORDER AND INJUNCTION

Before the Court is Junier Alexander Silva Parucho's (Mr. Silva) Petition for Writ of Habeas Corpus (Doc. 1) and emergency motion for a temporary restraining order (TRO) (Doc. 2).

At the hearing on the Petition for Writ of Habeas Corpus and request for a TRO, Respondents agreed that Mr. Silva is entitled to immediate release because the arrest warrant and arrest under 8 U.S.C. § 1226 were invalid. Mr. Silva has shown a likelihood of success on the merits sufficient to justify the issuance of an injunction because Respondents are illegally detaining him under 8 U.S.C. § 1225. Mr. Silva would suffer irreparable injury absent relief and the balance of equities and the public interest weigh in his favor.

Accordingly, it is **ORDERED and ADJUDGED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2. Respondents are **DIRECTED** to immediately release Mr. Silva.

3. The request for a temporary restraining order (Doc. 2) is **GRANTED**.

4. Respondents Louis A. Quinones, Jr., ICE/U.S. Immigration and Customs Enforcement; the ICE Field Office Director of the Orlando Field Office; the U.S. Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Mr. Silva under 8 U.S.C. § 1225. Respondents are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner Junier Alexander Silva Parucho under 8 U.S.C. § 1226 until at least **Sunday, February 22, 2026**. Should Respondents elect to detain him under that statute after that date, Respondents are **DIRECTED** to release him within ten days of his detainer unless he is provided with a bond hearing before an immigration judge within that ten-day period. If he is re-detained and released, Respondents must facilitate his transportation from the detention facility by notifying his counsel of the time and place where he may be collected.

5. No security bond is required for this injunction as the Court deems it unnecessary.

6. Mr. Silva is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

7. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Mr. Silva is later detained and deprived of a timely hearing but not released as ordered herein, he may move to reopen this case without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

8. Respondents shall immediately deliver to Mr. Silva all of his property and immigration documents in its possession upon his request. All of Mr. Silva's personal property and immigration documents not currently located at the Immigration and Customs Enforcement (ICE) Facility at 9495 Delegates Drive Orlando, FL 32837 shall be delivered by Respondents to that ICE facility within **forty-eight hours** of this Order—before February 14, 2026, at 5:00 p.m. Mr. Silva or a person designated by Mr. Silva in writing to receive the property or documents may make the request for return of the property before February 22, 2026, at the ICE facility located at 9495 Delegates Drive Orlando, FL 32837. ICE personnel are otherwise **ENJOINED** from removing Mr. Silva's personal property and immigration documents from its Delegates Drive facility. Respondents are **PROHIBITED** from re-detaining Mr. Silva if he personally appears at the Delegates Drive

facility to retrieve his personal property and immigration documents within **ten days** from the date of this Order.

9. Once Mr. Silva is released from custody, Mr. Silva's counsel is **DIRECTED** to file a notice within 24 hours confirming release.

**DONE** and **ORDERED** on February 12th, 2026 at 4:45 p.m.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Respondents